UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY DOYLE YOUNG, BOP #60012-001,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES,<br><br>Defendant. | Case No.: 3:19-cv-01371-GPC-AGS<br><br>**ORDER DISMISSING CIVIL ACTION FOR LACK OF PROPER VENUE PURSUANT TO 28 U.S.C. § 1391(b) AND 28 U.S.C. § 1406(a) AND FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)** |

Timothy Doyle Young ("Plaintiff"), currently incarcerated at the U.S. Penitentiary Max ADX in Florence, Colorado, and proceeding pro se, has filed a civil complaint in this Court against the United States. *See* Compl., ECF No. 1.

Plaintiff claims the Federal Bureau of Prisons ("BOP"), unidentified BOP employees at USP Max ADX, the Department of Justice, United States Judges and Magistrate Judges in the District of Colorado, the Tenth and D.C. Circuit Courts of Appeals, Chief Justice John Roberts, and the General Counsel and Clerk of the Administrative Office of the U.S. Courts, have all prevented his access to court as the result of a criminal conspiracy against him. *See* Compl., ECF No. 1 at 1, 3-9.

///

1

Plaintiff has not paid the $400 civil and administrative filing fee required by 28 U.S.C. § 1914(a), nor has he filed a Motion to Proceed In Forma Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a)(1).

## I. Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence this civil action and he has not filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a)(1) and (2). In fact, Plaintiff is no longer entitled to IFP status due to his abusive litigation history in federal district courts across the country. *See Young v. United States*, 88 Fed. Cl. 283, 290-291, 293 (2009) (reviewing Plaintiff's "repetitive," "frivolous" and "malicious" filings and directing the Clerk of Court to screen future submissions because "Mr. Young has made himself an example of the type of plaintiff Congress was trying to address when it enacted the Prison Litigation Reform Act, 28 U.S.C. § 1915[(g)]."); *see also Young v. U.S. Attorney Gen.*, No. 19-CV-03373-WHO (PR), 2019 WL 2996382, at *1 (N.D. Cal. July 9, 2019) ("Plaintiff also maliciously and purposely has filed actions in other federal courts knowing, as demonstrated in the cited cases below, that venue is not proper.") (citations omitted). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

## II. Venue

Upon initial review, this Court, like many others, also finds Plaintiff's case lacks proper venue. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Section 1391(b) of Title 28 of the U.S. Code provides, in pertinent part, that a "civil action may be brought in–(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff alleges constitutional violations committed by various federal actors and entities based on allegations that they have criminally conspired to block his access to courts from USP Florence ADMAX, an administrative security federal penitentiary, located in Colorado. *See* Compl., ECF No. 1 at 1-2; 28 U.S.C. § 85 ("Colorado constitutes one judicial district."). No defendants are alleged to reside in, and no act or omission giving rise to Plaintiff's injuries is alleged to have occurred in either San Diego or Imperial County. *See* 28 U.S.C. § 84(d) ("The Southern District of California comprises the counties of Imperial and San Diego.").

Therefore, venue properly lies in the District of Colorado pursuant to 28 U.S.C. § 85, but *not* in the Southern District of California pursuant to 28 U.S.C. § 84(d). *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

///

///

## III. Conclusion and Order

Accordingly, the Court **DISMISSES** this action sua sponte without prejudice based on Plaintiff's failure to pay the $400 filing fee required by 28 U.S.C. § 1914(a), his failure to file a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), and for lack of proper venue pursuant to 28 U.S.C. § 1391(b) and § 1406(a).[1]

The Clerk of the Court is **DIRECTED** to close the file.

**IT IS SO ORDERED.**

Dated: September 4, 2019

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] The Court elects to dismiss this case on venue grounds rather than to waste any additional resources by transferring it the District of Colorado's docket. *See King v. Russell*, 963 F.2d 1301, 1304-05 (9th Cir. 1992) (noting court has discretion to determining whether to transfer or dismiss an action for improper venue); *Wood v. Santa Barbara Chamber of Commerce, Inc.,* 705 F.2d 1515, 1523 (9th Cir. 1983) ("Justice would not … [be] served by transferring Wood's claims back to a jurisdiction that he purposefully sought to avoid through blatant forum shopping.").